IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Timothy Ledford,<br><br>                Plaintiff,<br><br>     v.<br><br>Carolyn W. Colvin,<br>Acting Commissioner of Social<br>Security,<br><br>                Defendant.<br>_____ | ) Civil Action No.: 6:14-1164-BHH<br>)<br>)<br>)<br>) **OPINION AND ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

       The plaintiff, Timothy Ledford ("the plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling. On June 2, 2015, the magistrate judge issued a Report and Recommendation in which he determined that the Commissioner's decision was based on substantial evidence and free of legal error. Accordingly, the magistrate judge recommended affirming the Commissioner's decision. (ECF No. 20 at 35.) The plaintiff filed Objections on July 5, 2015 (ECF No. 23), and on July 23, 2015, the Commissioner filed a Reply (ECF No. 25). For the reasons stated below, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below in relevant part. The plaintiff was 41 years old on the alleged disability onset date, and has limited education and past relevant work as a painter. (R. at 224.) The plaintiff's applications were denied initially and on reconsideration. (R. at 121-22, 158, 16.) A hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable decision on September 12, 2013, finding the plaintiff was not disabled under the Act. (R. at 47-96, 14-29.) The Appeals Council denied the plaintiff's request for review (R. at 1-4), making the ALJ's decision the final decision of the Commissioner. The plaintiff subsequently filed an action in this Court on March 28, 2014. (ECF No. 1.)

**REPORT AND RECOMMENDATION**

The magistrate judge recommends affirming the ALJ's decision. (ECF No. 20 at 35.) The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus

2

depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## **STANDARD OF REVIEW**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock*

3

*v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The plaintiff filed objections to the Report and Recommendation ("Objections") on July 5, 2015 (ECF No. 23), and the Commissioner filed a reply on July 23, 2015 (ECF No. 25). The plaintiff objects to the magistrate judge's recommendation concerning (1) the ALJ's alleged failure to give controlling weight to the medical opinion of Dr. Michael Bernardo and (2) the ALJ's alleged failure to consider all of the plaintiff's impairments in the context of his residual functional capacity ("RFC") assessment. The Court will consider each specific objection in turn.[1]

The plaintiff first contends that the ALJ improperly gave the medical opinion of Dr. Bernardo little weight. In his decision, the ALJ explained that Dr. Bernardo's restrictive limitations – concerning the plaintiff's ability to stand/walk, to operate foot and hand controls, and to use arms for handling and reaching – were not supported by his physical examination findings that documented no significant functional limitations. (R. at 24-27.)

---

[1] As always, the Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

The magistrate judge found, substantial, the ALJ's reliance on evidence that Dr. Bernardo repeatedly found that the plaintiff had full motor strength and muscle tone, intact sensation, and normal range of motion in his upper and lower extremities. (R. at 24, 27; see R. at 380, 384, 387, 412, 661.) The ALJ further noted that Dr. Bernardo generally found that the plaintiff had a normal gait and station. (R. at 24, 27; see R. at 380, 384, 387, 412, 661.) The ALJ stated that the "only abnormal findings made on a repeated basis" by Dr. Bernardo was tenderness in the plaintiff's back, "but even this finding was inconsistent as it was not always noted." (R. at 24; see R. at 380, 387, 412, 589-92, 619, 773, 801-803.)

The plaintiff objects that the ALJ, and now the magistrate judge, misapprehend the basis of Dr. Bernardo's opinion in this respect. He argues that Dr. Bernardo never indicated that the plaintiff's limitations were the result of deficits in strength, muscle tone, sensation, or coordination. Rather, the plaintiff contends, Dr. Bernardo emphasized bilateral foot pain, neuropathy, and plantar fasciitis treated with multiple injections and surgery, finding that the plaintiff had constant burning in his feet despite surgery and medications. It was due to the persistent nature of this pain that Dr. Bernardo had referred the plaintiff to pain clinic physicians and prescribed the limitations he did.

These disputes are complicated for the Court. It is not that the plaintiff is wrong about the more precise description of Dr. Bernardo's basis for recommending certain limitations. And, yet, at the same time, under the standard of review, it cannot be said that the ALJ has not identified some substantial evidence to conclude as he did. Specifically, the recited evidence, of the ALJ and the magistrate judge, that the plaintiff had normal range of motion in his upper and lower extremities, (R. at 24, 27; see R. at 380, 384, 387, 412, 661) and, generally, had a normal gait and station (R. at 24, 27; see R. at 380, 384,

5

387, 412, 661), reflects on the appropriate limitations regardless of the diagnostic source. In other words, these records were observations of functionality – to wit, range of motion, how the plaintiff ambulates.  The plaintiff's ability to perform such movements could be impeded, if at all, by a variety impairments and it was appropriate for the ALJ to conclude that precisely because the plaintiff could perform them, as described, that such impairments, whether in foot pain and plantar fasciitis or of some other kind, were not as disabling as claimed.  Said differently, whether he had back pain or planters fasciitis or both, based on his range of motion and gait, the ALJ found evidence that he could stand and walk and use foot controls sufficiently.

So the ALJ's conclusion that there was some disconnect between these prior medical findings and the more serious limitations described in his ultimate opinion formed a substantial basis upon which to discount such opinion.

The plaintiff also reiterates his concern that a misstatement of the ALJ about whether or not medications would actually make him "comatose," has somehow prejudiced the ALJ's view that prior findings of Dr. Bernardo were somehow inconsistent therewith. The magistrate judge accepted the plaintiff's interpretation of the alleged misstatement. But, like the magistrate judge, the undersigned is simply not persuaded of its effect. It seems that the plaintiff is arguing that the comatose comment is an overstatement and that from that mistaken pivot the ALJ was able to more easily find it a departure from prior findings that the claimant had adequate concentration.  The magistrate judge, however, was simply correct in his view that the misstatement or rather overstatement was not of any direct consequence.  The ALJ did not draw some one to one conclusion between the mistaken belief that the plaintiff might be made comatose by medication and no prior

6

evidence of such thing. As with the physical impairments above, the ALJ cited the general allegations of mental deficiency – significant problems in concentrating and risk of becoming comatose – and then rejected them, to whatever degree alleged, based on a specific prior finding that he had adequate concentration. The Court is not applying a harmless error rule. It is rejecting the plaintiff's overcharacterization of the kind of reliance the ALJ made on such evidence. Said again, the ALJ's analysis was not a direct repudiation of the mistaken view that medications would actually make the plaintiff comatose.

There is no error and the inconsistencies cited by the ALJ in support are reasonably a part of the substantial basis for the little weight given the source opinion.

Lastly, the plaintiff objects that Dr. Bernardo's opinions were not based on the plaintiff's subjective complaints as the ALJ concluded. (R. at 27.) The plaintiff contends that Dr. Bernardo's opinions were based on x-rays (R. at 520) and MRIs. (R. at 524-525, 526-527.) The plaintiff says that this objective evidence has not been refuted and amply supports Dr. Bernardo's multiple opinions. But, this kind of evidentiary push back is a regular controversy. As noted, the ALJ has cited competing objective findings that he found more persuasive. And, that frankly ends the inquiry. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The competing objective evidence of the plaintiff to the contrary is simply of no moment. *See id.* The ALJ discussed the objective test evidence recited by the plaintiff (R. at 24) and so it cannot be true that the ALJ meant literally that no such thing existed. Rather on balance, in the ALJ's view, the objective evidence largely eliminated the kind of disability alleged, thereby, leaving the subjective complaints of the plaintiff as the most significantly influencing factor, in his reasonable estimation.

There is no error in the ALJ's decision to accord little weight to Dr. Bernardo's opinion.

The remainder of the plaintiff's objections relate to whether or not the ALJ properly considered all of his impairments in the context of performing the residual functional capacity assessment. Respectfully, these items are, for the better part, matters raised to the magistrate judge and appropriately considered but rejected. (See R. at 31-34); *see Hendrix v. Colvin*, 2013 WL 2407126, at *4 (D.S.C. June 3, 2013); *see also Jackson v. Astrue*, 2011 WL 1883026 (W.D.N.C. May 17, 2011); *Aldrich v. Bock*, 327 F. Supp.2d 743, 747 (E.D. Mich. 2004). Accordingly, the district court must "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's Note). The Court has thoroughly reviewed the obections and the magistrate judge's consideration and agrees that the ALJ performed an adequate RFC analysis and that substantial evidence supports his findings in that regard.

## **CONCLUSION**

The Court has carefully reviewed the record, including the findings of the ALJ, the plaintiff's objections to the Report and Recommendation, and the defendant's reply. The Court concurs in the recommendation of the magistrate judge and thus adopts the Report and Recommendation and incorporates it herein by reference to the extent it is consistent with this order. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

s/Bruce Howe Hendricks
United States District Judge

September 24, 2015
Greenville, South Carolina